IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : <br><br> ALLIANCE BANCORP, INC., <br><br> Debtor. <br><br> ─────────────────────────── <br><br> KATHERINE JONES, on behalf of herself and all others similarly situated, <br><br> Plaintiff. <br> v. <br><br> ALLIANCE BANCORP, INC., f/k/a UNITED FINANCIAL MORTGAGE CORP., AIRLIE OPPORTUNITY MASTER FUND, LTD and WDM FUND, L.P., <br><br> Defendants. | Chapter 7 <br><br> Case No. 07-10943 (CSS) <br><br><br> Adversary Proceeding <br><br> No. _____ |

### PLAINTIFF'S CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

KATHERINE JONES (hereinafter "Plaintiff") by and through her undersigned counsel, allege on behalf of herself and the class of those similarly situated as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

### NATURE OF THE ACTION

3. This is a class action for the recovery, by Plaintiff and other similarly situated employees of Alliance Bancorp, Inc. (hereinafter "Debtor"), Airlie Opportunity Master Fund, Ltd and WDM Fund, L.P. (collectively "the Defendants"), of damages in the amount of

60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act") and the California Labor Code § 1400 et. seq. The Plaintiff was an employee of the Debtor and was terminated as part of, or as a result of, a mass layoff and/or plant closing ordered by the Defendants. Pursuant to the WARN Act, the Defendants constituted a "single employer." As such, the Defendants violated the WARN Act by failing to give the Plaintiff and other similarly situated employees of the Defendants at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and other similarly situated employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid. Since the Plaintiff seeks back-pay attributable to a period of time after the filing of the Debtor's bankruptcy petition and which arose as the result of the Debtor's violation of a federal law, the Plaintiff's claim against the Debtor is entitled to administrative priority status pursuant to the United States Bankruptcy Code §503(b)(1)(A).

## PARTIES

4. At all relevant times, Alliance Bancorp maintained and operated its headquarters located at 1000 Marina Boulevard, Suite 100, Brisbane, California (the "Brisbane Facility") and maintained additional facilities as that term is defined by the WARN Act across the country (collectively the "Facilities").

5. Upon information and belief and at all relevant times, Defendant Airlie Opportunity Master Fund, Ltd. (hereinafter "Airlie"), is a Cayman Island limited partnership with its principal place of business located at 115 East Putnam Avenue, Greenwich, Connecticut and conducted business in this district.

6. Upon information and belief and at all relevant times, Defendant WDM Fund, L.P. (hereinafter "WDM"), is a Delaware limited partnership with its principal place of business located at 115 East Putnam Avenue, Greenwich, Connecticut and conducted business in this district.

7. Upon information and belief and at all relevant times, Alliance Mortgage Investment, Inc. (hereinafter "AMI"), a holding company with its principal place of business in Brisbane, California, owned 100% of the stock of Alliance Bancorp.

8. Upon information and belief and at all relevant times, ARH Mortgage, Inc.(hereinafter "ARH") owned 100% of the stock of AMI and the Debtor.

9. Upon information and belief and at all relevant times, WDM owned a 70% controlling interest in ARH.

10. Upon information and belief and at all relevant times, at least one of the officers and/or principals of WDM was on the board of the Debtor, AMI, ARH and Alliance Bancorp.

11. Upon information and belief and at all relevant times an officer and/or principal of WDM was also an officer and/or principal of Airlie.

12. Upon information and belief, from at least January 2007 until the shutdown of the Debtor, the officers and/or principals of Airlie sat on and controlled the board of the Debtor and Alliance Bancorp.

13. Upon information and belief, and at all relevant times, from February 2007 until approximately sixty (60) days before the shutdown of the Debtor and Alliance Bancorp, directors and/or principals of AMI, ARH and WDM loaned significant sums of money to AMI and ARH in order to continue the operations of the Debtor and Alliance Bancorp.

14. Upon information and belief, and at all relevant times, the Debtor, Airlie and WDM made the decision to cease operations of the Debtor and Alliance Bancorp.

15. Upon information and belief, and at all relevant times, the Debtor, Airlie and WDM made the decision to terminate the employees of the Debtor and Alliance Bancorp and file for bankruptcy.

16. Plaintiff Katherine Jones was employed by Defendants and worked at the Defendants' Brisbane Facility until her termination on July 13, 2007.

17. Until on or about July 13, 2007, the Plaintiff and all similarly situated employees were employed by Defendants and worked at or reported to one of the Facilities.

18. On July 13, 2007, Debtor filed with this Court a voluntary petition for relief under Chapter 7 of Title 7 of the United States Bankruptcy Code.

## CLASS ACTION ALLEGATIONS, 29 U.S.C. § 2104

19. The Plaintiff and each person she seeks to represent herein, were discharged without cause on their part on or about July 13, 2007 or within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on July 13, 2007 and are "affected employees" within the meaning of 29 U.S.C. 2101(a)(5).

20. The Plaintiff brings this action on her own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about July 13, 2007 and thereafter who worked at one of the Facilities until their termination.

21. On or about July 13, 2007, Defendants terminated the Plaintiff's employment as part of a mass layoff and/or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3) for which they were entitled to receive sixty (60) days advance written notice under the WARN Act.

22. Defendants, as a single employer, never gave Plaintiff the statutorily required sixty (60) days notice of the mass layoff or termination in violation of the WARN Act.

23. Upon information and belief, at or about the time that the Plaintiff was discharged on or about July 13, 2007, Defendants discharged approximately 300 other employees at the Facilities (the "Other Similarly Situated Former Employees").

24. Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this claim on behalf of herself and each of the Other Similarly Situated Former Employees.

25. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

26. The Plaintiff and the Other Similarly Situated Former Employees were discharged by Defendants without cause on their part.

27. The Plaintiff and the Other Similarly Situated Former Employees is an "affected employee" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

28. Defendants were required by the WARN Act to give the Plaintiff and the Other Similarly Situated Former Employees at least sixty (60) days advance written notice of their respective terminations.

29. Prior to their termination, neither the Plaintiff nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

30. Defendants failed to pay the Plaintiff and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for sixty (60) calendar days from and after the dates of their respective terminations.

## CLASS ACTION ALLEGATIONS, RULE 7023 (a) and (b)

31. Plaintiff sues under Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and a class of persons who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about July 13, 2007, were terminated without cause within 30 days of July 13, 2007, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants on or about July 13, 2007, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

32. Common questions of law and fact are applicable to all members of the Class.

33. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facilities; Defendants, as a single employer, terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days advance written notice as

required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

34. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

35. The Plaintiff's claims are typical of the claims of other members of the Class in that, for each of the several acts described above, the Plaintiff is or was an injured party.

36. The Plaintiff will fairly and adequately protect and represent the interests of the Class.

37. The Plaintiff has the time and resources to prosecute this action and have retained counsel who have extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

38. The Class is so numerous as to render joinder of all members impracticable as there are approximately 300 persons who are included in the Class.

39. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

40. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

42. No litigation concerning the WARN Act rights of any Class member has been commenced.

43. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

44. On information and belief, the identity of the Class members is contained in the books and records of Defendants.

45. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

46. On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

47. As a result of Defendants' violation of the WARN Act, the Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401 (k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## **FIRST CLAIM FOR RELIEF**

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. At all relevant times, the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

50. At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it determined to order a mass layoff and/or plant closing at the Facilities.

51. The Defendants constituted a "single employer" of the Plaintiff and Class members under the WARN Act in that among other things:

   a. The Defendants shared common ownership;

   b. The Defendants shared common officers and directors;

   c. All of the Defendants exercised de facto control over the labor practices governing the Plaintiff and Class members including the decision to order the mass layoff and/or plant closing at the Facilities;

   d. There was a unity of personnel policies emanating from a common source between Defendants; and

   e. There was a dependency of operations between Defendants.

52. In or about July 13, 2007, the Defendants made the decision to terminate the employees of Debtor, including the Plaintiff and other similarly situated employees.

53. On or about July 13, 2007, the Defendants ordered "mass layoffs" and/or "plant closings" at the Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

54. The mass layoffs and/or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. §2101(a)(8).

55. The Plaintiff and each of the other members of the Class were discharged by Defendants without cause on their part, as part of or as the reasonably foreseeable result of the mass layoff and/or plant closing ordered by Defendants at the Facilities.

56. The Plaintiff and each of the other members of the Class are "affected employees" of Defendants within the meaning of 29 U.S.C. §2101(a)(5).

57. The Defendants were required by the WARN Act to give Plaintiff and each of the other members of the Class at least 60 days advance written notice of their terminations.

58. The Defendants failed to give the Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

59. The Plaintiff is, and each of the other members of the Class is, an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. §2104 (a)(7).

60. The Defendants failed to pay the Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

61. Since the Plaintiff and each of the other members of the Class seek back-pay attributable to a period of time after the filing of the Debtor's bankruptcy petitions and which

arose as the result of the Debtor's violation of a federal law, the Plaintiff's claim and the Class members' claims against the Debtor are entitled to administrative expense status pursuant to 11 U.S.C. §503(b)(1)(A).

62. The relief sought in this proceeding is equitable in nature.

## SECOND CLAIM FOR RELIEF

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants are an "employer" as defined in California Labor Code § 1400(b).

65. Plaintiff together with other employees similarly situated who worked at the Brisbane Facility, and other "covered establishments", are former "employees," of Defendants as defined in California Labor Code § 1400(h).

66. Defendants terminated Plaintiff's employment and the employment of other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in California Labor Code § 1400 on or about July 13, 2007 or thereafter.

67. Defendants violated California Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred.

68. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

69. As a result of Defendants' violation of California Labor Code § 1401, Plaintiff and the other similarly situated employees are entitled to damages under California Labor Code § 1402(a) in an amount to be determined.

70. Plaintiff has incurred and the other similarly situated employees will incur attorney's fees in prosecuting this claim and are entitled to an award of attorney's fees under California Labor Code § 1404.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the other Class members demand judgment, jointly and severally, against Defendants as follows:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiff as Class Representative and payment of reasonable compensation to her for her services as such;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4) and the California Labor Code § 1402(a), (b); including an administrative expense claim pursuant to 11 U.S.C. § 503(b)(a)(A) in favor of the Plaintiff and the Class members equal to the above

sums or alternatively, determining that the first $10,950 of the WARN Act claims of the Plaintiff and each other Class Member is entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder as a general unsecured claim;

E. Interest as allowed by law on the amounts owed under the preceding paragraphs;

F. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), including an allowed administrative priority claim under 11 U.S.C. § 503 for such fees, costs and disbursements; and

G. Such other and further relief as this Court may deem just and proper.

DATED: February 29, 2008

_____
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
Email: loizides@loizides.com

Adam T. Klein (pro hac vice motion forthcoming)
Jack A. Raisner (pro hac vice motion forthcoming)
René S. Roupinian (pro hac vice motion forthcoming)
OUTTEN & GOLDEN, LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

Paul J. Lukas (pro hac vice motion forthcoming)
Donald H. Nichols (pro hac vice motion forthcoming)
Matthew C. Helland (pro hac vice motion forthcoming)
NICHOLS KASTER & ANDERSON PLLP
80 South Eighth Street, Suite 4600
Minneapolis, MN 55402-2242
Telephone: (877) 448-0492

*Attorneys for Plaintiff and the putative Class*