## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ALLIANCE BANCORP, | Case No. 07-10942(CSS) |
| Debtor. | |
| In re: | Chapter 7 |
| ALLIANCE BANCORP, INC., | Case No. 07-10943(CSS) |
| Debtor. | |
| In re: | Chapter 7 |
| ARH MORTGAGE INC., | Case No. 07-11917(CSS) |
| Debtor. | |
| KATHERINE JONES, on behalf of herself and all others similarly situated, | Adv. Proc. No. 07-51799 (CSS) (Procedurally consolidated with 08-50316(CSS) and 08-50317(CSS)) |
| Plaintiff, | |
| v. | |
| ALLIANCE BANCORP, ALLIANCE BANCORP, INC., ARH MORTGAGE, INC., AIRLIE OPPORTUNITY MASTER FUND, LTD., AND WDM FUND, L.P., | |
| | **Re: Adv. Dkt. Nos. 95 and 102** |
| Defendants. | |

## FINAL ORDER APPROVING SETTLEMENT BETWEEN THE CHAPTER 7 TRUSTEES OF ALLIANCE BANCORP, ALLIANCE BANCORP INC., ARH MORTGAGE, INC., AIRLIE OPPORTUNITY MASTER FUND, LTD., WDM FUND, L.P., AND THE CLASS REPRESENTATIVE

Upon the joint motion (the "Joint Motion") of Montague S. Claybrook, the Chapter 7

Trustee (the" ABI Trustee") of Defendant Alliance Bancorp, Inc ("ABI"); joined by and/or with

the consent of Tracy Kestadt, Chapter 7 Trustee (the "AB Trustee") of Defendant Alliance

Bancorp ("AB"); Jeoffrey L. Burch Chapter 7 Trustee (the "ARH Trustee") of ARH Mortgage,

Inc. ("ARH"); and Defendants Airlie Opportunity Master Fund, Ltd. ("Airlie") and WDM Fund,

L.P. ("WDM") (collectively the "Funds"); and with Katherine Jones (the "Class Representative

or "Named Plaintiff"), on behalf of herself and similarly situated class members (together with

the Class Representative, the "Class Members") for entry of an order approving the proposed

*Compromise and Settlement Agreement* (the "WARN Settlement Agreement");[1]

**THE COURT HEREBY FINDS THAT**:

      A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334

and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

      B.     Due notice has been given to the Class of the proposed WARN Settlement

Agreement, the right to opt-out of the Class, the right to object to the proposed WARN

Settlement Agreement and the right to appear in person or by counsel at the fairness hearing; and

no other and further notice is required and such notice is deemed proper and sufficient under the

circumstances;

      C.     The Court entered an Order on December 22, 2010 granting preliminary

approval of the WARN Settlement Agreement and approving the form and manner of notice of

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the WARN Settlement Agreement or the *Motion of Chapter 7 Trustee of Alliance Bancorp, Inc., Joined by the Chapter 7 Trustee of Alliance Bancorp and ARH Mortgage, Inc., Airlie Opportunity Master Fund, Ltd., WDM Fund, L.P., and Proposed Class Representative Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 9019 and 7023 to (I) Approve the Greenwich Settlement Agreement Pursuant to Bankruptcy Rule 9019, (II) Certify a Class of WARN Act Claimants for Settlement Purposes Only, Appoint Class Counsel, Class Representative, and Preliminarily Approve the WARN Settlement Agreement Pursuant to Bankruptcy Rule 7023, (III) Approve the Form and Manner of Notice to Class Members of the Class Certification and Settlement, (IV) Schedule a Fairness Hearing to Consider Final Approval of the WARN Settlement Agreement, (V) Finally Approve the WARN Settlement Agreement Pursuant to Bankruptcy Rule 7023 After the Fairness hearing, and (VI) Grant Related Relief* (the "Joint Motion"), as appropriate.

2

the WARN Settlement Agreement and the deadline for opting-out and objections to be given to all Class Members;

> D.    The Court held a fairness hearing on March 1, 2011 to consider final approval of the WARN Settlement Agreement;

> E.    All Class Members who did not exercise the right to opt-out of the Class are bound by this Order and the terms of the WARN Settlement Agreement;

> F.    The terms of the WARN Settlement Agreement are fair, reasonable and adequate under Federal Rule of Civil Procedure 23 incorporated by Rule 7023 of the Federal Rules of Bankruptcy Procedure and the nine factor test the Third Circuit developed in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

> G.    The WARN Settlement Agreement was negotiated at arms length and in good faith, is fair, equitable and in the best interests of the creditors and the estates;

> H.    Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**IT IS HEREBY ORDERED THAT**:

> 1.    The WARN Settlement Agreement, attached hereto as **Exhibit 1,** is APPROVED as fair and reasonable. The parties are authorized to implement its terms.

> 2.    Effective upon the payment of the Aggregated Settlement Payment to Class Counsel, any and all claims that have been scheduled on behalf of, or filed by, the Class Representative or the Class Members who have not opted out of the WARN Settlement Agreement in these chapter 7 cases, for any alleged failure to provide adequate notice under the

3

WARN Act under any federal, state or local law, regulation or ordinance, including, without limitation, the Individual WARN Claims, are disallowed and expunged in their entirety.

        3.      Upon the payment of the Aggregated Settlement Payment to Class Counsel, this Order shall operate as a full and final release and discharge, by all members of the Class (except for any Class Members who have opted out of the WARN Settlement Agreement), for and on behalf of themselves, and their respective predecessors, successors, and assigns (collectively, the "Releasing Parties"), of AB, ABI, ARH, the AB Trustee, the ABI Trustee, the ARH Trustee, the AB estate, the ABI Estate, the ARH estate, each Fund, their current and former parents, liquidating trustee, subsidiary and affiliated entities, and their respective officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties, provided, however, that solely with respect to AB, ABI and ARH, the released claims are limited to and relate to or are based on the WARN Act or back pay or equivalent compensation under any federal, state or local law or regulation arising out of the termination of the Class Members' employment by AB, ABI or ARH, which would be chargeable as damages under the WARN Act, including, but not limited to: (i) all claims asserted or that could have been asserted in the WARN Act Litigation; (ii) the Individual WARN Claims;

4

and (iii) any other claims for back or severance pay or benefits arising out of any federal, state or

local statute, ordinance or regulation; provided, however, that the following claims and/or rights

of the Class or Class Members with respect to AB, ABI and ARH shall not be released by this

Order: (a) any claims for continuation of health or medical coverage, at the Class Member's

expense, or at the expense of a beneficiary or dependant of a Class Member, to the extent

required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of

1985 ("COBRA"); (b) any claims for expense reimbursement, unpaid wages, or commission

unrelated to the WARN Act; (c) any prepetition claims arising out of obligations of the Debtors

unrelated to the WARN Act Litigation, the WARN Act, or back pay or equivalent compensation

as contemplated by the WARN Act; (d) rights if any, unrelated to the Class Members' WARN

claims, under 401(k) plans; and (e) any claims which the law clearly states may not be released

by settlement. All rights of the Released Parties to object to, offset or oppose any and all claims,

obligations, or causes of action, of any type, except those claims expressly allowed under the

WARN Settlement Agreement, are expressly reserved.

4.      The payment of attorneys' fees and costs to Class Counsel are set forth in

the WARN Settlement Agreement and shall be made pursuant to the terms of the WARN

Settlement Agreement and this Order.

5.      Effective upon payment of the Aggregated Settlement Payment, the

Adversary Proceeding styled *Katherine Jones v. Alliance Bancorp*, which is presently pending in

the Bankruptcy Court as Adversary Proceeding No. 07-51799 (CSS) along with procedurally

5

consolidated Adversary Proceeding Nos. 08-50316(CSS) and 08-50317(CSS)), are deemed

dismissed with prejudice.

      6.     Nothing in this Order, the WARN Settlement Agreement or any of the

pleadings and papers filed in support of the approval of the WARN Settlement Agreement shall

constitute a waiver of any right of the Released Parties to assert against the persons listed on

**Exhibit B** to the WARN Settlement Agreement any claims, counterclaims, rights of offset or

recoupment, preference actions, fraudulent transfer actions, or any other bankruptcy or

nonbankruptcy claims.

      7.     This Court shall retain jurisdiction, even after the closing of these chapter

7 cases, with respect to all matters arising from or related to the implementation of this Order.

Dated: 3/1/11

                                    The Honorable Christopher S. Sontchi
                                    United States Bankruptcy Judge

6

**EXHIBIT 1**

## COMPROMISE AND SETTLEMENT AGREEMENT

This *Compromise and Settlement Agreement* (the *"Settlement Agreement"* or *"Settlement"*), dated as of October 29, 2010, is entered into by and between Montague S. Claybrook, Chapter 7 Trustee (the *"ABI Trustee"*) of Alliance Bancorp, Inc. (*"ABI"*), Tracy L. Klestadt, Chapter 7 Trustee (the *"AB Trustee"*) of Alliance Bancorp (*"AB"*), Jeoffrey L. Burtch, Chapter 7 Trustee (the *"ARH Trustee"*) of ARH Mortgage, Inc. (*"ARH"*), Airlie Opportunity Master Fund, Ltd. (*"Airlie"*) and WDM Fund, L.P. (*"WDM"*) (collectively, Airlie and WDM are referred to as the *"Funds"*), on the one hand, and Katherine Jones (the *"Class Representative"*), on behalf of herself and on behalf of the individuals named on **Exhibit B** hereto (the Class Representative and the persons listed on **Exhibit B** hereto are collectively referred to as the *"Class Members"* or the *"Class"*), on the other hand. ABI, AB, ARH and each Fund and the Class Members will collectively be referred to hereafter as the *"Parties"*.

A.     Each of ABI and AB filed a voluntary petition under chapter 7 of Title 11 of the United States Code (the *"Bankruptcy Code"*) on July 13, 2007, initiating chapter 7 case no. 07-10942 (CSS) and chapter 7 case no. 07-10943 (CSS), respectively, in the United States Bankruptcy Court for the District of Delaware (the *"Bankruptcy Court"*). On December 26, 2007, ARH commenced its chapter 7 case at no. 07-11917 (CSS) in the Bankruptcy Court;

B.     On or about December 13, 2007, the Class Representative filed a class-action complaint commencing an adversary proceeding (the *"WARN Action"*) against AB and the Funds on behalf of herself and purportedly on behalf of the Class Members. On August 14, 2008, the Class Representative filed a second amended complaint in respect of the WARN Action (*"Complaint"*), alleging that ABI, AB, ARH and each Fund violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* and certain related state laws and rules (the *"WARN Act"*) by ordering plant closings and/or mass layoffs on or about July 13, 2007 and thereafter, without providing sixty (60) days advance notice thereof. The Class Representative further asserted that, as a consequence of this alleged failure, the affected employees have an administrative expense claim pursuant to Bankruptcy Code § 503(b)(1)(A) against AB, ABI, ARH and each Fund for damages for the alleged 60-day violation period. The WARN Action is entitled *Katherine Jones v. Alliance Bancorp*, and is pending in the Bankruptcy Court as Adversary Proceeding No. 07-51799 (CSS). Each of ABI and the Funds has answered the Complaint and has disputed all liability thereunder, including, without limitation, the characterization of any WARN Act damage claim in respect of the Complaint as an administrative expense claim;

C.     Some former employees of each of AB and ABI filed individual proofs of claim in the above-referenced Chapter 7 cases based on the termination of their employment. To the extent these individual claims relate to or are based on the WARN Act or severance pay or benefits arising out of the termination of the Class Members' employment, including, but not limited to: (i) claims asserted or that could have been asserted in the WARN Action and/or the Complaint; and (ii) any other claims for severance pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation, they are referred to herein as the *"Individual WARN Claims"*. Individual WARN Claims do not include filed proofs of claim arising from or relating to unpaid wages or wage equivalents, commissions, unpaid vacation, sick leave, paid time off or any other related claims (the *"Individual Non-WARN Claims"*). Each of

ABI, AB and ARH disputes all Individual WARN Claims and reserve their rights in full in respect of all filed Individual Non-WARN Claims;

D.    There exist significant, complex legal and factual issues regarding the application of the WARN Act and the various cases and regulations interpreting the WARN Act and regarding the viability of the WARN Action and/or the Complaint. To avoid extensive, costly litigation over these issues, ABI, AB, ARH and each Fund and the Class Representative, on her own behalf and on the behalf of the Class Members, through their counsel, Outten & Golden LLP ("*Class Counsel*"), have engaged in significant negotiations regarding a possible consensual resolution of the WARN Action, Individual WARN Claims, the Complaint and all related claims (collectively sometimes referred to herein as the "*WARN Act Litigation*"). As a result of these negotiations, the Parties have agreed to enter into this Settlement Agreement;

E.    The WARN Act provides that attorneys' fees may be awarded to the prevailing party in a WARN Act action;

F.    Class Counsel asserts that the Class Representative, in retaining the undersigned Class Counsel, has agreed to pay counsel legal fees equal to thirty three and one third percent (33⅓%) of her recovery;

G.    The Class Representative supports the settlement of the WARN Act Litigation pursuant to the terms of this Settlement Agreement;

H.    Class Counsel asserts that a class consisting of the Class Members, because it is comprised of approximately two hundred (200) persons, is so numerous that joinder of all members is impracticable, satisfying the numerosity requirements of Rule 23(a) of the Federal Rules of Civil Procedure as made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure;

I.    Class Counsel asserts that the issues common to the claims of the members of the Class constitute virtually all the issues affecting their rights and thus predominate over the issues that are not common;

J.    Class Counsel asserts that the claim of the Class Representative is typical of the WARN Act claims of the Class in that the WARN Act claim of the Class Representative arose from the same course of conduct that gave rise to the WARN Act claims of the Class;

K.    Class Counsel asserts that the determination of the claims of some but not all Class Members would prejudice the claims of the remaining Class Members;

L.    Class Counsel asserts that René S. Roupinian, Esq. of Outten & Golden LLP has been appointed as class counsel in over thirty (30) WARN Act actions;

M.    Class Counsel asserts that they are experienced in handling class claims under the WARN Act in bankruptcy courts, having handled at least thirty (30) WARN Act class actions in bankruptcy court, and that Class Counsel has provided and will provide adequate representation to the Class;

N.     The Funds and ABI each deny that they have any responsibility for any of the claims in the WARN Act Litigation.

O.     Class Counsel asserts that a customary fee in WARN Act class actions is 33⅓% contingency, plus costs payable from any gross cash settlement amount;

P.     Class Counsel asserts that but for the legal services they provided, the Class Members would not have had any recovery on their WARN claims;

Q.     Class Counsel asserts that they have expended substantial time in prosecuting the WARN claims of the Class Members and the legal fee provided herein is fair and reasonable under the circumstances; and

R.     The Funds and ABI each deny that this case is appropriate for class certification or that the Class Representative is an appropriate representative.

S.     The Parties have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present and future, of whatever type or nature arising from the WARN Action, Individual WARN Claims, the Complaint, and for severance pay or benefits on the terms and conditions set forth herein.

NOW, THEREFORE, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.     This Settlement Agreement is subject to, and conditioned upon, issuance of a final order by the Bankruptcy Court approving the Settlement Agreement under Fed. R. Bankr. P. 9019, after notice and hearing to creditors and parties in interest, in accordance with applicable law and local rules. The order shall be deemed final when fifteen (15) days have elapsed from entry of the Bankruptcy Court's order approving the settlement with no notice of appeal filed or after the Bankruptcy Court order approving the settlement is finally affirmed on appeal, whichever first occurs (hereinafter "*Final Order*"). Upon entry of the Final Order approving the Settlement Agreement in the form attached hereto as **Exhibit A**, or in substantially similar form acceptable to the Parties, and the execution of this Settlement Agreement by the Parties, this Settlement Agreement shall be final and binding; provided, however, that in the event that the ABI Trustee and the Funds determine that the number of potential Class Members who opt-out of the Settlement Agreement is equal to or greater than fifteen (15) individuals, or if the share of the recoveries of any of those individuals opting out, in the aggregate, is equal to or greater than $46,250, or if the share of the potential claims that would otherwise be settled and compromised hereunder of any of those individuals opting out, in the aggregate, is equal to or greater than $120,000, the ABI Trustee and/or the Funds may, upon consultation with the ABI insurers, elect to terminate the Settlement Agreement by providing written notice to Class Counsel within twenty (20) days after the expiration of the right of the Class Members to opt-out of the Settlement Agreement. In the event that a Final Order approving this Settlement Agreement in the form acceptable to the Parties is not entered or the ABI Trustee and/or the Funds elect to terminate this Settlement Agreement based on the number of opt-outs: (i) the Settlement

Agreement and the recitals contained herein shall be without force or effect, and neither this Settlement Agreement, nor any of the statements contained herein, shall be admissible in any proceeding involving the Parties; (ii) neither the motions to obtain an order approving this Settlement Agreement nor any of the pleadings filed in support of the motions shall be admissible in any proceeding involving the Parties; and (iii) the Parties will use their best efforts to negotiate a mutually-acceptable amendment to the Settlement Agreement to reflect the changed circumstances presented by any opt-out elections, but no Party shall be obligated or bound to agree to such an amendment; and (iv) none of the provisions hereof shall prejudice or impair any rights, remedies or defenses of any of the Parties.

2.      The *Effective Date* of this Settlement Agreement shall be the date upon which all of the following have occurred: (i) the Final Order has been entered and has become final as set forth in paragraph 1 of this Settlement Agreement; (ii) the Parties have executed this Settlement Agreement; and (iii) twenty-one (21) days have elapsed after the expiration of the right of the Class Members to opt-out of the Settlement Agreement and the ABI Trustee and the Funds have not elected to terminate the Settlement Agreement in accordance with the provisions of paragraph 1 of this Agreement, but in any event the Effective Date shall be no sooner than the tenth (10ᵗʰ) business day after the condition in (i) shall have occurred.

3.      Pursuant to the terms of this Settlement Agreement, and upon the Effective Date, the amount of $925,000, which shall include all amounts payable in this settlement and compromise, including, without limitation, attorneys' fees and costs, but excluding relevant amounts referenced in paragraphs 4 through 6 below (the *"Aggregated Settlement Payment"*) shall be paid to Class Counsel. The Aggregated Settlement Payment shall be made in two several and not joint parts: (i) a $525,000 payment (the *"ABI Settlement Payment"*) by the ABI Trustee from the ABI estate, and (ii) a $400,000 payment (the *"Fund Settlement Payment"*) by the Funds; provided, however, that the ABI Trustee shall only make the ABI Settlement Payment so long as certain insurance proceeds are committed by agreement for payment of, and are available to pay, eighty percent (80%) of the ABI Settlement Payment.

4.      The ARH Trustee on behalf of the ARH estate will allow the Class a $75,000 unsecured, priority claim for WARN Act liability (the *"ARH Priority Claim"*).

5.      Class Counsel shall make distributions from the Aggregated Settlement Payment and any proceeds of the ARH Priority Claim in the amounts required by this Settlement Agreement. Class Counsel, the ABI Trustee and the AB Trustee shall jointly retain Settlement Services, Inc. (the *"Administrator"*), to assist them in the administration of the settlement, including the distributions from the Aggregated Settlement Payment and any ARH Priority Claim proceeds to Class Members in the amounts required by this Settlement Agreement. The ABI Trustee may cause the establishment of a Qualified Settlement Fund under 26 U.S.C. § 468B, in his discretion, upon consultation with the Funds to further effectuate the Settlement Agreement and the distributions to the Class Members to be made hereunder. If the ABI Trustee elects to establish a Qualified Settlement Fund to make payments from the Common Fund (as that term is defined at paragraph 17 herein) to Class Counsel and associated withholdings, the established and appropriate Qualified Settlement Fund procedures for making such payments shall be substituted for the procedures outlined elsewhere in this Settlement Agreement. Any employee payroll tax withholdings required by federal, state or local law (*"Employee Taxes"*)

shall be withheld from the distributions to the Class Members receiving payments under this Settlement Agreement and the Class Members shall be issued a Form W-2 reflecting such withholdings. The AB Trustee and the AB estate shall be responsible for the AB employer portion of all applicable federal, state and local taxes, including, without limitation, Federal Insurance Contribution Act ("*FICA*") taxes, as well as any other taxes and unemployment compensation contributions, of the distributions to Class Members receiving payments under this Settlement Agreement, and the ABI Trustee and the ABI estate shall be responsible for the ABI employer portion of such taxes. The Administrator, on behalf of the AB and ABI estates as appropriate, upon consultation with the ABI and AB Trustees as appropriate, shall determine the amount of any Employee Taxes that will become due and owing and shall be withheld. All such Employee Taxes shall be paid promptly from the Aggregated Settlement Payment and any proceeds of the ARH Priority Claim and shall be paid promptly to the appropriate taxing authorities. The Administrator or the Qualified Settlement Fund shall be responsible for the reporting of same, as well as the provision of Forms W-2 and other required tax reporting forms. The Administrator will act as the agent of the ABI and AB Trustees or the Qualified Settlement Fund with respect to determining required withholdings, fulfilling reporting requirements, including federal and state payroll tax returns, the issuance of Forms W-2 and other required federal and state tax forms, and related matters. For the purpose of calculating applicable taxes, the Parties agree that one hundred percent (100%) of the amounts to be paid to the Class Members, after deducting attorneys' fees and costs and other related settlement costs, but before deducting Employee Taxes, shall constitute wages reportable on IRS Form W-2. For avoidance of doubt, the Parties agree that the amount subject to applicable taxes on wages is $587,333.33.

6.     The AB Trustee shall pay $10,395 and the ABI Trustee shall pay $3,105, for a total of $13,500, to Class Counsel to be held in trust by Class Counsel and used to pay the fees and costs of the Administrator, or another mutually acceptable class action settlement and settlement fund administrator, to perform the obligations of the Parties and the Qualified Settlement Fund set forth in paragraph 5 herein. In the event there is any portion of the $13,500 remaining after full payment of the Administrator, or another mutually acceptable class action administrator, such remaining portion shall be returned *pro rata* by Class Counsel to the AB Trustee and the ABI Trustee.

7.     Class Counsel shall bear the ultimate responsibility for the production and mailing of all notices to be required for the Class Members (the "*Class Notices*"). Class Counsel's address will be used as the return address for the Class Notices and checks mailed to the Class Members.

8.     Class Counsel's address will be used as the return address for the Class Notices so that any returned Class Notices will be returned to Class Counsel who shall undertake to determine a current address and remail the Notice promptly. Class Counsel shall cause the Class Notices to be delivered by first class mail to Class Members at the addresses listed on **Exhibit B** hereto no later than ten (10) business days after preliminary approval of this Settlement by the Bankruptcy Court. The Class Notice shall be in substantially the form annexed hereto as **Exhibit C** or such substantially similar form as may be approved by the Bankruptcy Court. The Class Notice shall contain the following information.

(a)     That each Class Member has the right to opt out of the Class and preserve all of her/his rights against AB, ABI, ARH or each Fund, if any (all such opting out Class Members, the "*Opt-Outs*");

(b)     That the Settlement Agreement shall become effective only if it is finally approved by the Bankruptcy Court;

(c)     That the Settlement Agreement shall be effective as to all Class Members who do not opt-out of the Class; however, if the Bankruptcy Court does not approve the Settlement Agreement, or if the termination provisions of paragraph 1 are implemented, the Settlement Agreement shall not become effective;

(d)     That such Class Member has the right to object to this Settlement Agreement, to retain counsel and be heard at the Fairness Hearing;

(e)     That all released Claims (as that term is defined in paragraph 20 herein) of a Class Member shall be waived, and that no person, including the Class Member, shall be entitled to any further distribution thereon.

9.      A Class Member may object to this Settlement Agreement by sending timely written notice of such objection (a "*Notice of Objection*") to (a) Class Counsel, attn.: René S. Roupinian, Esq., Outten & Golden LLP, 3 Park Avenue, New York, NY 10016; (b) counsel to the ABI Trustee, attn.: Michael B. Schaedle, Esq., Blank Rome LLP, One Logan Square, 130 North 18th St., Philadelphia, PA 19103-6998; and (c) counsel to the Funds, attn.: Richard G. Haddad, Esq., Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, NY 10169-0075 and filing such Notice of Objection with the Bankruptcy Court so that it is received by all of the above no later than ten (10) days prior to the date fixed by the Bankruptcy Court for the Final Fairness Hearing. Such objection shall clearly specify the relief sought and the grounds for such relief.

10.     Any Class Member may opt-out of the Class by mailing to Class Counsel the completed and executed Opt-Out Notice Form, attached to the Class Notice attached as **Exhibit C** hereto (and which shall be attached to the Class Notice) so that it is received by Class Counsel no later than fifteen (15) days prior to the date fixed by the Bankruptcy Court for the Final Fairness Hearing. Upon the receipt of such timely notice by Class Counsel, such Class Member shall be classified as an Opt-Out. Within three (3) days of the expiration of the last day to opt-out, Class Counsel shall prepare and file with the Court an Affidavit of Opt-Outs, identifying those Class Members who timely exercised their right, without revoking, to opt-out of the Class.

11.     If a Class Member does not wish to be bound by this Settlement Agreement, such Class Member must timely opt-out of the Class by returning a completed and executed Opt-Out Notice Form as described in the paragraph above. Otherwise, if and when the Settlement Agreement becomes effective, all Class Members who have not opted out shall be bound by the terms of this Settlement Agreement.

12.     Notwithstanding anything to the contrary in this Settlement Agreement, nothing contained herein shall release or impair the rights and claims, if any, of the Opt-Outs, nor shall anything contained herein affect the defenses and offsets that each of AB, ABI and ARH and

each Fund, each of the AB, ABI or ARH estates, each such entity's respective subsidiaries, affiliates, successors or any of its present or former officers, directors, employees, agents, lawyers, consultants, stockholders or members of any thereof, may have against any such rights or claims.

13.    For settlement purposes only, Class Counsel is hereby recognized as class counsel for the Class Members, in pursuing claims against each of AB, ABI and ARH and each Fund for violations of the WARN Act and in settling such claims and any other claims of the Class Members for severance pay or benefits, and the Parties agree that Class Counsel is entitled to (i) attorneys' fees in the amount of $293,666.67, based on thirty-three and one-third percent (33⅓%) of the Aggregated Settlement Payment less the Class Representative's service award of Fifteen Thousand Dollars ($15,000) and Class Counsel's out of pocket costs and expenses of $29,000.00 (such attorneys' fees must be approved by the Court), and (ii) attorneys' fees equal to thirty-three and one-third percent (33⅓%) of any proceeds of the ARH Priority Claim (such attorneys' fees must be approved by the Court). In addition, Class Counsel shall be entitled to $29,000.00 from the Aggregated Settlement Payment for out of pocket costs and expenses. The payment to Class Counsel of $293,666.67 in fees and $29,000.00 in costs, and thirty-three and one-third percent (33⅓%) of any proceeds of the ARH Priority Claim, shall constitute payment in full for Class Counsel's work on behalf of the Class Members. Class Counsel may deduct from the Aggregated Settlement Payment the attorneys' fees of $293,666.67 pursuant to this Settlement Agreement and $29,000.00 for out of pocket costs and expenses of Class Counsel, prior to the distribution of funds from the Aggregated Settlement Payment to the Class Members. Class Counsel may also deduct from the ARH Priority Claim its attorneys' fees, prior to the distribution of funds from the ARH Priority Claim to the Class Members. The attorneys' fees and costs paid to Class Counsel, shall, upon approval by order of the Bankruptcy Court, supersede any contingency fee agreements any of the Class Members have with Class Counsel.

14.    The Class Representative is hereby recognized as the class representative for settlement purposes only and shall receive a one-time payment of $15,000 for the services she provided to the Class in connection with the prosecution of the WARN Action (the "*Service Payment*") which amount shall be paid from the Aggregated Settlement Payment. No attorney fees will be deducted from the Service Payment. The Administrator shall distribute the Service Payment to the Class Representative in addition to her individualized payments from the Aggregated Settlement Payment described below. The Service Payment does not reduce any bankruptcy priority otherwise payable to the Class Representative and is a transfer on behalf of and deemed from the Class to the Class Representative and not from the AB, ABI, or ARH estates. The Class Representative shall receive an IRS 1099 Form from the Administrator for this portion of her distribution.

15.    The Class Members, including the Class Representative, are listed on **Exhibit B** attached hereto. The AB and ABI Trustees believe that the Class Members include all of the employees of AB and ABI that were terminated without cause after June 13, 2007 who are alleged to be "affected" employees, by reason of the purported plant closing or mass layoff that allegedly took place on or about July 13, 2007 and thereafter, and include all AB/ABI/ARH employees terminated in connection therewith other than employees who are not entitled to participate in this Settlement Agreement because (i) they voluntarily resigned from their employment with AB/ABI or were terminated for cause or good reason, or (ii) they released the

AB/ABI/ARH Debtor from any and all claims arising out of their employment (collectively, the "*Ineligible Employees*").

16.     **Exhibit B** lists all of the employees of AB and ABI, who were paid a salary or on an hourly basis and were terminated without cause after July 13, 2007, other than Ineligible Employees. No AB/ABI employees were compensated on a commission only basis as of June 1, 2007 and were terminated without cause after July 13, 2007. Upon execution of this Settlement Agreement, the Parties consent that a class shall be certified in connection with the WARN Act Litigation and the motion to approve this Settlement Agreement, consisting of the individuals listed on **Exhibit B**; provided, however that such class shall be certified for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure.

17.     Upon the Effective Date, the Aggregated Settlement Payment shall be made in a lump sum of $925,000 to Class Counsel and deposited into a trust settlement account established by Class Counsel. The gross amount of the Aggregated Settlement Payment to be distributed to the Class Members, after payment of $15,000 in a Service Payment to the Class Representative and payment of attorneys' fees and costs in the amount of $322,666.67 to Class Counsel, is $587,333.33 (the "*Common Fund*"). The Common Fund (which also refers to any Qualified Settlement Fund if elected), less Employee Taxes, shall be paid to the Class Members (including the Class Representative) listed on **Exhibit B** hereto who shall receive distributions in the amounts set forth on **Exhibit B** hereto. If the Court reduces the amount of attorneys' fees to be paid to Class Counsel under this Agreement, the residual amount will be distributed to the Class Members in a proportionate amount as reflected in their *pro rata* share under **Exhibit B**. Any distribution to the Class from the ARH Priority Claim, less attorneys' fees of thirty-three and one-third percent (33⅓%), shall be paid to the Class Members (including the Class Representative) listed on **Exhibit B** on a pro rata basis. Class Counsel, with the assistance of the Administrator, will determine each Class Member's pro rata share of the ARH Priority Claim utilizing the formula described in Paragraph 19 below.

18.     Other than the Service Payment, all amounts distributed to Class Members hereunder are distributions on account of unsecured, priority claims (and not claims for payment of administrative expense). Further, all amounts distributed to Class Members hereunder are inclusive of each such Member's *pro rata* share of attorneys' fee and cost recovery claims and rights.

19.     The total amount to be distributed to the Class Members listed on **Exhibit B** ("*Members*") from the Aggregated Settlement Payment is $587,333.33 less applicable taxes, which represents approximately sixty-three point five percent (63.5%) of the Aggregated Settlement Payment. The amounts to be paid to each Member is derived by allocating the $587,333.33 *pro rata* to each Member based on the maximum amount of the Member's WARN Act claim which was derived by calculating each Class Member's WARN Act daily rate (which was determined by multiplying each hourly employee's hourly rate by 8 and by dividing each hourly/salaried employee's annual wages by 365) then multiplying each employees daily rate by 60. Specifically, without limitation, these amounts, received by the Members, before any deduction or withholding for Employee Taxes, will be deducted from and shall automatically reduce the priority portion of each allowed Member's allowed Individual Non-WARN Claim, if

any, on a dollar-for-dollar basis, pursuant to this Settlement Agreement, without further order of the Bankruptcy Court; provided, however, that each of the ABI, AB and ARH Trustees reserves any and all rights to object to each Member's Individual Non-WARN Claim, if any, on any and all grounds. For example, if a Member has an allowed Individual Non-WARN Claim in the amount of $10,950 as a priority unsecured claim, and the amount to be received hereunder, after the deduction of such Member's ratable share of attorneys' fees and costs paid to Class Counsel under this Settlement Agreement totals $2,000, then the Individual Non-WARN Claim will be reduced by $2,000 for a total remaining claim of $8,950 subject to the relevant Trustee's right to object to such remaining claim. For avoidance of doubt, if the Member's allowed Individual Non-WARN Claim, plus the allowed Individual WARN Claim exceeds $10,950, then such excess amount shall be treated as a non-priority unsecured claim. For the further avoidance of doubt, this offset right applies only to the Member's allowed Individual Non-WARN Claim in the estate (AB or ABI) for which the Member received his or her settlement payment hereunder; provided, however, that each of the AB and ABI Trustee and the AB and ABI estates reserve their rights to assert any and all defenses, other offsets, and any other rights or claims, to and/or in respect of any Individual Non-WARN Claim.

20.    Except for the rights arising out of, provided for, or reserved in this Settlement Agreement and any document and agreement between the ABI Trustee and ABI insurers relating to the Settlement, upon the payment of the Aggregated Settlement Payment to Class Counsel, the Class Members (except for any Class Members who have opted out of this Agreement), for and on behalf of themselves, and their respective successors and assigns (collectively, the *"Releasing Parties"*), do hereby fully and forever release and discharge AB, ABI, ARH, the AB Trustee, the ABI Trustee, the ARH Trustee, the AB estate, the ABI estate, the ARH estate, each Fund, their current and former parents, liquidating trustee, subsidiary and affiliated entities, and their respective officers, directors, shareholders, agents, employees, insurers, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the *"Released Parties"*), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have or hereafter may have against the Released Parties; provided, however, that solely with respect to AB, ABI and ARH, the released claims are limited to and relate to or are based on the WARN Act or back pay or equivalent compensation under any federal, state or local law or regulation arising out of the termination of the Class Members' employment by AB, ABI or ARH, which would be chargeable as damages under the WARN Act, including, but not limited to: (i) all claims asserted or that could have been asserted in the WARN Act Litigation; (ii) the Individual WARN Claims; and (iii) any other claims for back or severance pay or benefits based on or arising out of any federal, state or local statute, ordinance or regulation; provided, however, that the following claims and/or rights with respect to AB, ABI and ARH shall not be released: (a) any claims for continuation of health or medical coverage, at the Class Member's expense, or at the expense of a beneficiary or dependant of a Class Member, to the extent allegedly required by the relevant provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 (*"COBRA"*); (b) any claims for expense reimbursement, unpaid wages or commission unrelated to the WARN Act; (c) any prepetition claims arising out of obligations of the Debtor unrelated to the WARN Act Litigation, the WARN Act, or back pay or equivalent compensation as contemplated by the WARN Act; (d) rights, if any, unrelated to Class Members' WARN Act

claims, under 401(k) plans; and (e) any claims which the law clearly states may not be released by settlement. The claims released hereunder are referred to herein as the *"Claims"*. The Released Parties expressly reserve the right to object to, offset or oppose any and all claims, obligations, or causes of action, of any type, except those claims expressly allowed hereunder.

21.    Upon the payment of the Aggregated Settlement Payment to Class Counsel, the Class Members agree that any claims that have been scheduled on behalf of, or filed by, the Class Representative or the Class Members in the Chapter 7 cases, on account of any alleged violation of the WARN Act under any federal, state or local law or regulation, including, without limitation, the Individual WARN Claims, are disallowed in their entirety and may be expunged from AB/ABI/ARH schedules or claims register, as appropriate, in the relevant Trustee's discretion.

22.    The Releasing Parties and Class Counsel acknowledge that they are familiar with, and/or, in the case of the Class Members, have been informed by the notice to the Class of the provisions of California Civil Code § 1542, which provides as follows:

> "A general release does not extend to claims which the creditor
> does not know or suspect to exist in his favor at the time of
> executing the release, which if known by him must have materially
> affected his settlement with the debtor."

With respect to the Claims being released hereunder, the Releasing Parties waive and relinquish, to the fullest extent that the law permits, the provisions, rights, and benefits of California Civil Code § 1542 and other statutes, regulations or common law principles of similar effect. Such release, however, shall not release the obligations of AB, ABI, ARH or each Fund under this Settlement Agreement. The Releasing Parties hereby agree and acknowledge that this waiver and relinquishment is an essential term of this Settlement Agreement, without which the consideration provided to them would not have been given. In connection with such waiver and relinquishment, the Releasing Parties and Class Counsel acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the matters released herein. Nevertheless, it is the intent of the Releasing Parties and Class Counsel in executing this Settlement Agreement fully, finally, and forever to settle and release all such matters, and all claims relative thereto, which exist, may exist or might have existed (whether or not previously or currently asserted in any action or proceeding) which are the subject of the releases granted hereunder, including, but not limited to the general release granted in favor of the Funds.

23.    Approval of this Settlement Agreement by the Bankruptcy Court and payment of the Aggregated Settlement Payment to Class Counsel, shall operate as a full release of the Released Parties by the Releasing Parties, including the Class Representative and each Class Member, of all Claims as set forth in paragraphs 20-22 above. Upon entry of the Final Order and payment of the Aggregated Settlement Payment to Class Counsel, all Claims as set forth in paragraphs 20-22 above are deemed settled, released and dismissed in their entirety, on the merits, with prejudice.

24.    If the Settlement Agreement does not become fully enforceable by the Parties, then the provisions of this Settlement Agreement shall be null and void and the AB Trustee, the ABI Trustee, the ARH Trustee, each Fund, or any other party-in-interest shall be free to object to and/or defend against the Individual WARN Claims and the claims asserted in the Warn Act Litigation or any other claims asserted by the Class Members. Execution of this Settlement Agreement by the AB Trustee, the ABI Trustee or the ARH Trustee does not waive any defense or objection to any claims asserted or that may be asserted by the Class Members.

25.    The Parties shall cooperate to cause a joint motion to be filed with the Bankruptcy Court for an order approving this Settlement Agreement ("*Settlement Motion*"). The ABI Trustee shall give notice to Parties in interest other than Class Members.

26.    If any Class Member timely and properly elects to opt-out of the proposed Class, that Class Member's rights and obligations will be unaffected by this Settlement Agreement and that Class Member will have the same rights and obligations as he or she would have had if the Complaint had never been filed and this Settlement Agreement had never been executed. Any Class Member that elects to opt-out shall not have an allowed claim against AB, ABI or ARH or a claim against the Funds by reason of this Settlement Agreement and shall retain his or her rights, if any. Each of AB, ABI, ARH and each Fund reserves all rights against any Class Member that opts-out.

27.    A dismissal with prejudice of the WARN Act Litigation shall be executed in a form agreeable to the Parties (the "*Dismissal*"). Class Counsel shall file the Dismissal with the Bankruptcy Court upon the entry of the Final Order. Dismissal of the WARN Act Litigation shall not abate or limit the effectiveness of the Final Order, including the releases set forth herein and the terms and conditions of this Settlement Agreement. The parties agree that the Bankruptcy Court shall retain jurisdiction to enforce the terms and conditions of this Settlement Agreement.

28.    Class Counsel agrees that it will not, directly or indirectly, commence any litigation or assert any claims on behalf of any former employees of AB, ABI or ARH who opt-out of the Settlement Agreement in respect of WARN Act related claims or claims covered by this Settlement Agreement against AB, ABI, ARH, their Trustees or estates, or the Funds.

29.    The Parties agree that they are compromising and settling disputed claims. Other than as set forth herein, each of the Parties shall bear its own attorney's fees, expenses and court costs. Each of the Parties agrees it shall not commence or continue any contested matter, adversary proceeding, lawsuit, or arbitration which contests, disputes, or is inconsistent with any provision of this Settlement Agreement.

30.    Neither this Settlement Agreement nor any of its provisions, nor evidence of any negotiations or proceedings related to this Settlement Agreement, shall be offered or received in evidence in the Chapter 7 Cases, or any other action or proceeding, as an admission or concession of liability or wrongdoing of any nature on the part of any of the Released Parties, or anyone acting on their behalf, and each of AB, ABI, ARH and each Fund specifically denies any such liability or wrongdoing. Nothing herein shall prevent any Party from seeking to offer this Settlement Agreement in evidence after the entry of the Final Order approving the Settlement

Agreement by the Bankruptcy Court for the purpose of enforcing the terms of the Settlement Agreement.

31.     This Settlement Agreement shall be binding upon and shall inure to the benefit of the predecessors, successors and assigns of each of the Parties to the fullest extent under the law.

32.     This Settlement Agreement shall be construed pursuant to the laws of the State of Delaware and the United States Bankruptcy Code.

33.     This Settlement Agreement and the Exhibits hereto represent the entire agreement and understanding between the Parties as to the subject matter hereof and supersede all previous agreements and discussions between the Parties as to the matters herein addressed. This Settlement Agreement can be amended or modified only in writing and signed by all the Parties hereto, subject to any necessary Bankruptcy Court or other approval.

34.     This Settlement Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original but all of which together shall constitute but one agreement. This Settlement Agreement may be executed by facsimile, or PDF and such facsimile or PDF signature shall be treated as an original signature hereunder.

35.     This Settlement Agreement has been prepared by the joint efforts of the respective attorneys for each of the Parties. Each and every provision of this Settlement Agreement shall be construed as though each and every party hereto participated equally in the drafting hereof. As a result of the foregoing, any rule that the document is to be construed against the drafting party shall not be applicable.

36.     This Settlement Agreement is subject to and contingent upon the approval by the Bankruptcy Court. The Bankruptcy Court shall have exclusive jurisdiction to determine as a core proceeding any dispute or controversy with respect to the interpretation or enforcement of this Settlement Agreement.

37.     The Parties may not waive any provision of this Settlement Agreement except by a written agreement that all of the Parties have signed. A waiver of any provision of this Settlement Agreement will not constitute a waiver of any other provision. The Parties may modify or amend this Settlement Agreement only by a written agreement that all of the Parties have signed.

38.     This Settlement Agreement is intended to settle and dispose of claims which are contested and denied. Nothing herein shall be construed as an admission by any Party of any liability of any kind to any other Party.

[signature page to follow]

Date: _10/08_____, 2010

KATHERINE Z. JONES, NAMED PLAINTIFF
AND CLASS REPRESENTATIVE

By: _Katherine Z. Jones_____
    Katherine Z. Jones

OUTTEN & GOLDEN, LLP
ON BEHALF OF THE CLASS REPRESENTATIVE
AND THE CLASS MEMBERS

By: _____
    René S. Roupinian, Esq.
    Class Counsel

ALLIANCE BANCORP, INC.

By: _____
    Montague S. Claybrook
    Chapter 7 Trustee

ALLIANCE BANCORP

By: _____
    Tracy L. Klestadt
    Chapter 7 Trustee

ARH MORTGAGE CORP.

By: _____
    Jeoffrey L. Burtch
    Chapter 7 Trustee

AIRLIE OPPORTUNITY MASTER FUND, LTD.

By: _____
    Name:
    Title:

13

Date: _____ *LO/11* , 2010

KATHERINE Z. JONES, NAMED PLAINTIFF
AND CLASS REPRESENTATIVE

By: _____
        Katherine Z. Jones


OUTTEN & GOLDEN, LLP
ON BEHALF OF THE CLASS REPRESENTATIVE
AND THE CLASS MEMBERS

By: _____
        René S. Roupinian, Esq.
        Class Counsel


ALLIANCE BANCORP, INC.

By: _____
        Montague S. Claybrook
        Chapter 7 Trustee


ALLIANCE BANCORP

By: _____
        Tracy L. Klestadt
        Chapter 7 Trustee


ARH MORTGAGE CORP.

By: _____
        Jeoffrey L. Burtch
        Chapter 7 Trustee


AIRLIE OPPORTUNITY MASTER FUND, LTD.

By: _____
        Name:
        Title:

13

Date: _____, 2010

KATHERINE Z. JONES, NAMED PLAINTIFF
AND CLASS REPRESENTATIVE

By: _____
      Katherine Z. Jones

OUTTEN & GOLDEN, LLP
ON BEHALF OF THE CLASS REPRESENTATIVE
AND THE CLASS MEMBERS

By: _____
      René S. Roupinian, Esq.
      Class Counsel

ALLIANCE BANCORP, INC.

By: _____
      Montague S. Claybrook
      Chapter 7 Trustee

ALLIANCE BANCORP

By: _____
      Tracy L. Klestadt
      Chapter 7 Trustee

ARH MORTGAGE CORP.

By: _____
      Jeoffrey L. Burtch
      Chapter 7 Trustee

AIRLIE OPPORTUNITY MASTER FUND, LTD.

By: _____
      Name:
      Title:

13

128000.01600/21824235v.19

Date: _____, 2010

KATHERINE Z. JONES, NAMED PLAINTIFF
AND CLASS REPRESENTATIVE

By: _____
      Katherine Z. Jones

OUTTEN & GOLDEN, LLP
ON BEHALF OF THE CLASS REPRESENTATIVE
AND THE CLASS MEMBERS

By: _____
      René S. Roupinian, Esq.
      Class Counsel

ALLIANCE BANCORP, INC.

By: _____
      Montague S. Claybrook
      Chapter 7 Trustee

ALLIANCE BANCORP

By: _____
      Tracy L. Klestadt
      Chapter 7 Trustee

ARH MORTGAGE CORP.

By: _____
      Jeoffrey L. Burtch
      Chapter 7 Trustee

AIRLIE OPPORTUNITY MASTER FUND, LTD.

By: _____
      Name:
      Title:

13

Date: _____, 2010

OUTTEN & GOLDEN, LLP
ON BEHALF OF THE CLASS REPRESENTATIVE
AND THE CLASS MEMBERS

By: _____
    René S. Roupinian, Esq.
    Class Counsel

ALLIANCE BANCORP, INC.

By: _____
    Montague S. Claybrook
    Chapter 7 Trustee

ALLIANCE BANCORP

By: _____
    Tracy L. Klestadt
    Chapter 7 Trustee

ARH MORTGAGE CORP.

By: _____
    Jeffrey L. Burtch
    Chapter 7 Trustee

AIRLIE OPPORTUNITY MASTER FUND, LTD.

By: _____
    Name:
    Title:

WDM FUND, L.P.

By: _____
    Name:
    Title:

13

Date: _____, 2010

KATHERINE Z. JONES, NAMED PLAINTIFF
AND CLASS REPRESENTATIVE

By: _____
        Katherine Z. Jones

OUTTEN & GOLDEN, LLP
ON BEHALF OF THE CLASS REPRESENTATIVE
AND THE CLASS MEMBERS

By: _____
        René S. Roupinian, Esq.
        Class Counsel

ALLIANCE BANCORP, INC.

By: _____
        Montague S. Claybrook
        Chapter 7 Trustee

ALLIANCE BANCORP

By: _____
        Tracy L. Klestadt
        Chapter 7 Trustee

ARH MORTGAGE CORP.

By: _____
        Jeoffrey L. Burtch
        Chapter 7 Trustee

AIRLIE OPPORTUNITY MASTER FUND, LTD.

By: _____
        Name: SETH CAMERON
        Title: PORTFOLIO MANAGER

13

WDM FUND, L.P.

By: _____
    Name:
    Title:

14